Pearson, J.
 

 This case is not distinguishable from
 
 Dewey
 
 v.
 
 Cochran,
 
 4 Jones’ Rep. 184. The principle settled by that case is, where a note shows on its face that it was made for the purpose of being discounted at a particular bank, it does not become a note, and has no validity so far as the sureties are concerned, unless it be so discounted, and consequently it cannot be thrown in
 
 to
 
 the market and traded off to a private individual. The principle rests on the ground, that from the known rules and practice of the bank, one may be willing^to become bound as surety to a note negotiable and payable at that bank, who would not be willing to incur the responsibility of a suretjr to a note which was to be thrown into market, and might pass into the hands of an individual who was unknown, and remain there for years, during which
 
 *8
 
 time the surety might be uninformed as to whether it had ever been negotiated, and if so, who held it; or whether the principal had made any arrangement in regard to it. Orn-ease illustrates the soundness of the principle. The note is not heard of until six months after it was written, and three months after its maturity. It is .then found in the hands of the plaintiff. "What he paid for it, or how he obtained it, no one knows. Then follows the filling up and the endorsements for the purpose of collecting it out of the sureties who had been kept uninformed of the disposition which had been made of it; but who knew that it had not been discounted at bank according to the original purpose for which it was made, and who were justified in coming to the conclusion that it had been destroyed or thrown aside as waste paper, and therefore did not feel called on to require of the principal any security for their protection, as it is reasonable. to suppose they would have done, had it been discounted, and its dishonor at maturity become known; because, by the rules of the bank it must be then paid, or renewed ; whereas, according to the habits of our people, a note may be overdue for years without its being considered dishonored, except so far as its negotiability may be affected by the law merchant.
 

 The fact that this note is negotiable and payable at one of three banks in Wilmington, does not vary the principle. There is a marked difference between a note negotiable and payable
 
 at bank
 
 generally, and at one of three particular banks; for when it is discounted, the identity of the bank is fixed. The
 
 play
 
 in respect to the three banks is attributable to the circumstance, that as the rules and practice are the same, it was a matter of indifference to the sureties, and they were willing to consult the convenience of the principal, in reference to which one of these three particular banks he might select, or be able to meet with accommodation.
 

 It was said on the argument,
 
 “
 
 property is frequently sold on time, the purchasers to give notes with sureties, negotiable and payable at bank; this is done to meet the requirement of the bank charters, and to enable the seller to realise
 
 *9
 
 the money before the notes mature. Can it be that if the bank refuses to discount the note, he has no remedy against the sureties ?”
 

 There is an obvious distinction between that case and ours. There, the note is made payable to the seller ; the intent that it is to become a note and have validity from the time it is written, and its being made afterwards negotiable and payable at bank is a collateral'circumstance, introduced for the accommodation of the seller, and not intended to affect the validity of the note. Here, the intention is, that the paper shall not be a note, of have validity, unless it is discounted ; in other words, in our case it is made a condition precedent to the existence of the note, and is not a mere collateral circumstance.
 

 His Honor puts-his decision upon a second ground, that there was no proof of a consideration.
 
 We
 
 concur with him upon this point also. As a general rule, a consideration is implied in reference to instruments of this sort; but where Circumstances of suspicion are thrown upon a note, that the name of the payee is not inserted, and his endorsement is not made until it is six months over-due, and is then made without consideration and without recourse, and the holder gives no account of the manner in which he came by it, there must be proof of a consideration.
 

 Per CURiaji, Judgment affirmed.